### TOWN OF TREMONTON v. JOHNSTON et al.

No. 2938.   Decided March 9, 1917.   (164 Pac. 190.)

1. EMINENT DOMAIN—APPEAL—PRESERVATION OF GROUNDS OF REVIEW—WAIVER OF DEFECT IN COMPLAINT. In proceedings to condemn land, where no demurrer was interposed to the complaint, and no objection respecting its sufficiency made, either before or during trial, the defect that the complaint failed to state that the attempted condemnation proceedings were authorized as required by statute being jurisdictional was not waived. (Page 310.)

2. EMINENT DOMAIN—EXERCISE BY MUNICIPAL CORPORATION—FOLLOWING STATUTORY PROCEDURE. The general rule is that, where the statute prescribes the procedure or steps to be taken by a municipal corporation in exercising the right of eminent domain, the procedure prescribed becomes a matter of substance, and must be strictly followed by the condemner as against the owner. (Page 310.)

3. EMINENT DOMAIN—EXERCISE BY MUNICIPALITY—PASSAGE OF RESOLUTION—JURISDICTIONAL CHARACTER OF REQUIREMENT—STATUTE. Under Comp. Laws 1907, Section 206x2, authorizing the condemnation of a water supply by a municipality, before a town was authorized to commence condemnation proceedings to condemn a spring and appropriate its waters, it was necessary that the board of trustees should first adopt an ordinance or resolution declaring it necessary that the spring be condemned and the waters appropriated for the use of the inhabitants of the town, thus giving the taxpayers the statutory opportunity to protest, and the passage of such a resolution was jurisdictional; Section 309, providing for the calling of a special election to vote bonds, the proceeds of which are to be applied in paying for the water or the property condemned or purchased by the town, having nothing to do with the authority to institute condemnation proceedings. (Page 311.)

4. EMINENT DOMAIN—EVIDENCE—VALUE—REMOTENESS. In a town's condemnation proceeding, under Comp. Laws 1907, Section 206x2, to condemn the waters of a spring, testimony of the owner of the spring, on cross-examination, that 15 years before filing a declaration of homestead he had stated the value of the land and spring to be much less than he testified their value to be at the trial, was improperly elicited from him; the evidence being too remote. (Page 313.)

5. EMINENT DOMAIN—APPEAL—HARMLESS ERROR—EVIDENCE. Such error was harmless as to the owner's substantial rights. (Page 313.)

Appeal from District Court, First District; *Hon. J. D. Call*, Judge.

Proceedings by the Town of Tremonton, under the eminent domain statute, against William Johnston and others.

Judgment of condemnation. Defendants appeal.

REVERSED, and case remanded, with directions.

*Wade M. Johnson* for appellants.

*B. C. Call* and *Henry Seeger* for respondent.

FRICK, C. J.

The town of Tremonton, in Box Elder County, Utah, commenced this proceeding under our eminent domain statute to condemn a certain spring and to appropriate the waters thereof for the use of the inhabitants of said town. At the hearing it was shown that the spring in question was the property of the defendant William Johnston, and hence the other defendants will not be further noticed.

The proceeding is based upon Comp. Laws 1907, section 206x2, which reads as follows:

"That it shall be lawful for the city council or board of trustees of any city or town in this state to purchase or lease all or any part of any water, waterworks system, water supply, bonds, stocks, or property connected therewith; or, whenever such city council or board of trustees shall deem it necessary for the public good, they shall have the right to

bring condemnation proceedings to condemn water, water rights, and all rights and privileges of any person or corporation; provided, that in all condemnation proceedings, the value of all land must be considered in connection with said water or water rights used for the purpose of supplying any city or town, or the inhabitants thereof, with water; provided, that if, within thirty days after the passage and publication of a resolution or ordinance for the purchase, or lease, or condemnation herein provided, one-third of the resident taxpayers of any city or town, as shown by the assessment roll thereof, shall protest against the purchase, or lease, or condemnation proceedings contemplated, then said proposed purchase, lease, or condemnation shall be referred to a special election and if confirmed by a majority vote thereat, shall take effect; otherwise it shall be void.''

The complaint is too long to be copied in this opinion. Nor is it necessary to do that, since the sole question to be determined hinges upon the sufficiency of the allegations in paragraph 15 of the complaint, which contains the only allegations respecting the acts or proceedings taken by the town trustees authorizing the condemnation proceedings. That paragraph reads as follows:

''Plaintiff further alleges that by virtue of a resolution passed by the town of Tremonton the board of trustees of the said town decided to submit the question of incurring a bonded indebtedness to the qualified electors who had paid a property tax in said town for the purpose of supplying the said town with water. Notice of said election was duly given, the purpose of the same was set forth, and the question was voted upon by a special election wherein a majority of the qualified electors voted in favor of the bond issue for the purpose of supplying water for the said town of Tremonton. That thereafter the said board of trustees provided by ordinance for the disposal of said bonds, and that said bonds were thereafter sold.''

No demurrer was interposed to the complaint, and the defendants answered the same, admitting certain allegations and denying others. Johnston, however, denied that it was necessary to condemn the spring and to appropriate the

waters thereof.  The court, however, found that it was neces-
sary to condemn the spring and to appropriate the waters
thereof, and submitted the question of damages to a jury,
who returned a verdict in favor of Johnston for the sum of
$4,000.  The court entered the usual judgment of condemna-
tion, and also entered judgment in favor of Johnston for
said sum of $4,000.  Johnston appeals.

The first error assigned is that the judgment of condemna-
tion is without authority of law for the reason that the com-
plaint fails to state that the attempted condemnation
proceedings were authorized as required by section
206x2, supra.  In view that no demurrer was interposed
to the complaint, and no objection respecting its sufficiency
made either before or during the trial, counsel for the town
insist that the defect, if there is any, in the complaint, was
waived.  The sole question therefore hinges upon the ques-
tion whether the alleged defects or omissions in the com-
plaint are merely formal or whether they are jurisdictional.

In determining that question it should be remembered that
the proceedings in question were instituted by a municipal
corporation to take an owner's property against his consent.
The general rule is that, where the statute prescribes the
procedure or steps to be taken by a municipal corpo-
ration in exercising the right of eminent domain, the
procedure prescribed by the statute becomes a matter
of substance, and must be strictly followed by the condemnor
as against the owner of the property sought to be condemned.
It is further held that, where the statute prescribes certain
steps to be taken before initiating condemnation proceedings,
such steps are jurisdictional, and may not be disregarded.

In *Vreeland* v. *Jersey City*, 54 N. J. Law 49, 22 Atl. 1052,
the court states the rule in the following words:

"Statutes conferring the power of condemnation under the right
of eminent domain are strictly construed.  Every condition pre-
scribed by the Legislature in the grant must be complied with, and
the proceedings to condemn must be conducted in the manner and
with the formalities prescribed in the grant of power.  Formalities
and modes of procedure prescribed are of the essence of the grant,
which the courts cannot disregard on a conception that they are not
essential."

Appeal from First District.

In 8 Standard Ency. Pro. 280, it is said:

"Where an ordinance, resolution, or election must authorize condemnation before said proceedings may be instituted, the petition must allege that such authorization has been given in proper form, as a jurisdictional fact."

In 2 Lewis, Eminent Domain, section 596, the author states the rule thus:

"When the taking is by a municipal corporation, it usually must be authorized by a vote of the governing body, and this must be passed in such manner and by such formalities as are required by law. No general rule can be laid down, except that the statute must be strictly complied with."

Numerous cases are cited in support of the author's text, and a large number of concrete cases are given in the body of the section illustrating the doctrine. The text quoted from 8 Standard Ency. Pro. is also supported by a large number of cases.

In *Whitehead* v. *Denver*, 13 Colo. App. 134, 56 Pac. 913, it is held that, where a statute requires certain things to be done by a municipality before initiating condemnation proceedings, the things required to be done constitute a condition precedent to the right to institute the proceedings and must be alleged and proved. It is not necessary to pursue the authorities farther.

It seems very clear to us that under section 206x2, supra, no condemnation proceedings can be instituted by a city or town unless "the city council or board of trustees deem it necessary for the public good," and that the judgment of the city council or board of trustees to that effect must be expressed in the form of a "resolution or ordinance." After the passage of the resolution or ordinance one-third of the resident taxpayers may protest against the institution of condemnation proceedings, and, if that number do protest, the whole question must be submitted to the vote of the taxpayers, and it requires a majority to order the proceedings to be commenced. If no protest is made, no doubt the resolution or ordinance, if properly passed, is sufficient to authorize the institution of condemnation proceedings.

We thus have a statute which prescribes the necessary steps to be taken before commencing such a proceeding. The owner whose property is sought to be appropriated against his consent certainly has the right to insist that the statute be followed. That is all Johnston is contending for on this appeal.

We are of the opinion that before the town of Tremonton was authorized to commence condemnation proceedings to condemn the spring and to appropriate the waters thereof it was necessary that the board of trustees should first adopt an ordinance or resolution in which they declared that it is necessary that the spring be condemned and the waters thereof appropriated for the use of the inhabitants of the town. Had that been done, the resident taxpayers would have been given the contemplated opportunity to protest as provided by the statute. It may be that a city or town may seek to condemn the property of one or more of the resident taxpayers, and if that be the case such taxpayers should be given an opportunity to protest. The right to protest is, however, given to all resident taxpayers, whether their property is sought to be taken or not, and the town or city must afford them the opportunity to protest as required by the statute. It follows, therefore, that the passage of a resolution or ordinance as required by the statute before instituting the condemnation proceedings in question is jurisdictional, and hence Johnston did not waive his right to assail the judgment at any time.

It is, however, contended by the town's attorneys that the proceedings were instituted under Comp. Laws 1907, section 309. That section provides for the calling of a special election to vote bonds the proceeds of which are to be applied in payment for the water or for the property condemned or purchased by the town, and has nothing to do with the authority to institute the condemnation proceedings. If counsel's contention should prevail in that regard, then we would in effect be required to repeal section 206x2, *supra*. Moreover, under that section one-third of the taxpayers may compel an election regarding the question of whether the condemnation or purchase of the property sought to be acquired is necessary. When the bonds are voted for, the question, of necessity, is no longer an open question. There is no escape from the con-

clusion, therefore, that where property is about to be taken by a town or city through the exercise of eminent domain under Section 206x2, the owner has the right to insist that the provisions of that section be complied with before he is bound to surrender his property. The assignment just discussed should therefore prevail.

The next assignment relates to the admission of certain testimony as part of the cross-examination of Johnston, the owner of the spring in question, over his objection. Some fifteen years before the trial Johnston had filed a declaration of homestead under our statute in which he stated the value of the land and spring to be much less than he testified their value to be at the trial. He was compelled to state on cross-examination what he stated the value of the land with the spring thereon was when he filed his homestead declaration. It is now urged by his counsel that the court permitted the town's counsel to transcend the legitimate bounds of cross-examination in that the statements made by the witness in the declaration of homestead were too remote to establish value or to contradict his present statements, or to affect his credibility. In view of the rapid development of the country and the great increase of values in a comparatively short period of time, the evidence was, no doubt, too remote to be of any help to the jury or to in any way affect the credibility of the witness. The court should therefore have sustained the objection.

We remark, however, that if that were the only error assigned, we should not feel inclined to reverse the judgment for that reason alone. In view of the whole record we do not think the evidence, although erroneously admitted, resulted in prejudice to Johnston's substantial rights.

For the reasons stated, the judgment is reversed, and the case is remanded to the District Court of Box Elder County, with directions to grant a new trial, to permit the plaintiff, if it is so advised, to amend its complaint in the particulars stated, and in case the complaint is amended so as to comply with the views herein expressed, to proceed with the case in the usual way, and in case the plaintiff refuses or neglects to amend its complaint within a reasonable time to be fixed

by the court, then to enter judgment dismissing the complaint; appellant to recover costs.

McCARTY and CORFMAN, JJ., concur.