354 P.2d 846

TRENTON TOWN, a municipal corporation, Plaintiff and Respondent,

v.

CLARKSTON IRRIGATION COMPANY, a corporation, et al., Defendants and Appellants.

No. 9148.

Supreme Court of Utah.

July 20, 1960.

L. Delos Daines, Salt Lake City, for appellants.

Olson & Calderwood, Curtis E. Calderwood, Logan, for respondent.

CALLISTER, Justice.

Defendants appeal from an order of the trial court denying their motion for a summary judgment.

The board of trustees of the Town of Trenton, acting under the provisions of 10-7-4, U.C.A., 1953,[1] passed the following resolution:

"Whereas, the Board of Trustees of the Town of Trenton have made a careful study of the problems of the Town relating to its water supply; and

"Whereas, as the result of such study of the Town Board has found it necessary for the public good of the Town that it acquire by purchase or condemnation an additional amount of water equal to the volume that would be supplied by the flow of a six inch pipe line; and

[1] "10-7-4. Water supply—Acquisition—Condemnation—Protest—Special election.—The board of commissioners, city council or board of trustees of any city or town may acquire, purchase or lease all or any part of any water, waterworks system, water supply or property connected therewith, and whenever the governing body of a city or town shall deem it necessary for the public good such city or town may bring condemnation proceedings to acquire the same; provided, that if within thirty days after the passage and publication of a resolution or ordinance for the purchase or lease or condemnation herein provided for one-third of the resident taxpayers of the city or town, as shown by the assessment roll, shall protest against the purchase, lease or condemnation proceedings contemplated, such proposed purchase, lease or condemnation shall be referred to a special election, and if confirmed by a majority vote thereat, shall take effect; otherwise it shall be void. In all condemnation proceedings the value of land affected by the taking must be considered in connection with the water or water rights taken for the purpose of supplying the city or town or the inhabitants thereof with water."

"Whereas, the only reasonably available source of such additional culinary water is from Birch Creek, the procurable water of which is the property of the Clarkston Irrigation Company and of the stockholders thereof who are entitled to distribution of water from said Birch Creek;

"Now, Therefore, Be It Resolved: That the Board of Trustees of the Town of Trenton acquire from the Clarkston Irrigation Company and the users thereof, by purchase or condemnation, such amount of water as will continually flow from a six inch pipe line in Birch Creek.

"Be It Further Resolved, that the Town President be and he is hereby authorized to take all necessary steps to acquire said water either by purchase or condemnation, including, but not limited to, the employment of counsel, engineers and other personnel therefor and the development of recommendations for the financing thereof.

"Be It Further Resolved, that said acquisition of water by purchase or condemnation remain in abeyance for the period of thirty (30) days following the passage and publication of this resolution in accordance with the requirements of Section 10–7–4 Utah Code Annotated 1953. In the event of protest by resident taxpayers of the Town pursuant to said section of law, this resolution shall take effect subject to a confirming vote in accordance with said statute.

"Be It Further Resolved, that the Town Clerk shall publish this resolution by posting in three public places within the Town limits in the same manner as is required by law for the publication of ordinances."

The foregoing resolution was published as required and there was no protest made by any of the resident taxpayers. Subsequently, the Town of Trenton initiated condemnation proceedings and alleged in its complaint, in part, as follows:

"A. Water Rights: During the months commencing April 1st and ending September 30th of each year, all of the flow of water approximating 0.56 cubic feet per second from that certain spring area lying within a radius of 20 feet from a spring area center situated 1146 feet South and 80 feet West from the East Quarter corner of Section 17, Township 14 North, Range 2 West of the Salt Lake Base and Meridian, being in Cache County, Utah, and during the months commencing October 1st and ending March 30th of each year a flow of water equal to .20 cubic feet per second from the water of said spring area hereinabove described, said water being part of

Birch Creek, a tributary of Clarkston Creek."

The defendants contend that (1) the resolution of the board of trustees is legally insufficient and that (2) the condemnation proceedings are beyond the scope of the resolution.

In support of their first contention appellants argue that the resolution is materially lacking in clarity, preciseness and definitive terms, rendering it completely ineffective and without the statutory requirements. They concede that the statute does not designate what should be set forth in the resolution, but urge that logic requires that the resolution contain sufficient information to enable the taxpayers to determine whether or not the proposed action meets with their approval.

■ It seems apparent that the statutory requirement of a resolution or ordinance is to apprise the resident taxpayers of the town's proposed condemnation proceeding and afford them the opportunity to protest if they so desire. The requirement is not for the purpose of notifying those whose property is the subject of the resolution or ordinance. Certainly, a prospective condemnee could not file a protest unless he were a resident taxpayer. The prospective condemnee is given actual notice upon the commencement of the condemnation proceeding.

■ While it is doubtful that a party in the position of these defendants can attack the sufficiency of a town board's resolution to condemn, we need not decide that question because in our opinion the resolution before us is sufficient. The statute does not set forth the details which such a resolution must contain. Absent such statutory requirements, the instant resolution is sufficient to give the resident taxpayers proper notice of the proposed action.

Defendants cite the case of Town of Tremonton v. Johnson [2] wherein this court upheld the dismissal of a condemnation proceeding upon motion of a condemnee. However, in that case it appeared that the town board had neglected to pass either a resolution or an ordinance. The court correctly held that the passage of a resolution or ordinance was jurisdictional. That is not the situation here.

■ As to defendants' second contention we find no merit. It is argued that the resolution refers to Birch Creek as the source of water to be condemned, whereas the complaint seeks to condemn water from Big Birch Spring and thus the condemnation proceeding is beyond the scope of the resolution. Big Birch Spring is a tributary of Birch Creek and as such would be a part thereof.

Affirmed. Costs to respondent.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

2. 49 Utah 307, 164 P. 190.