445 P.2d 703

**OGDEN CITY, a municipal corporation of the State of Utah, Plaintiff and Respondent,**

**v.**

**William P. STEPHENS, Isabelle L. Stephens, his wife, and J. B. Marsh, Defendants and Appellants.**

**No. 11106.**

Supreme Court of Utah.

Sept. 27, 1968.

Milton A. Oman, H. James Clegg, Salt Lake City, for appellants.

Carl T. Smith, Ogden, for respondent.

ELLETT, Justice:

The defendants appeal from a judgment of condemnation of land owned by Stephens and leased to Marsh. Two assignments of error are made by the defendants. First, it is contended that the property taken was not subject to eminent domain proceedings because it was not taken for a public use in that it was taken for off-street parking when it was already in use as a private parking lot. Second, defendants claim the court erred in admitting opinion testimony of expert witnesses called by plaintiff. We will examine the assignments as made.

The right to take the land for off-street parking is conferred upon all cities by statute.[1]

The defendants argue that there can be no taking under the right of eminent domain because there is no public need for the land. They claim that the needs of the public were being served adequately by the private parking facility.

This problem has been before various courts in the past. The case of Bowman v. Kansas City, 233 S.W.2d 26 (Mo.1950), involved the condemnation of land for off-street parking for which a fee would be charged the public. The plaintiffs operated private parking lots and challenged the right of the city to expend funds for a non-public use. The court at page 35 held:

> Whether the acquisition (under statutory authority) of real estate for off-street parking areas is for a public use and whether the establishment and operation by a municipal corporation of such an off-street parking facility is for a public purpose is not to be determined by the necessity or expediency of having such an off-street parking area in a particular place in Kansas City. We hold that the purposes proposed to be carried into effect by the ordinance in question are public purposes. Similar views have been expressed by the courts of other states [Citations omitted.]

> The acquisition of land for and the establishment and operation of public off-street parking stations or garages by the defendant city being for a public use and for public purposes, the fact that such stations will compete with private enterprises is not material or decisive. It is

---

1. Laws of Utah, Second Special Session, 1966, ch. 1.

well settled that, if it is in the public interest and for a public purpose, a city may be authorized by the state to engage in a business commonly carried on by a private enterprise; and in such case such city may levy a tax to support such business and compete with private interests engaged in a like activity. [Citations omitted.]

Poole v. City of Kankakee, 406 Ill. 521, 94 N.E.2d 416 (1950), was a case where the city by ordinance authorized the condemnation of land for off-street parking. The ordinance was attacked on the ground that it authorized a taking for a private use as distinguished from a public use. The contention was disposed of in the holding of the Illinois Supreme Court at page 422 of the North Eastern Reporter as follows:

The trial court's finding that no necessity was shown to exist for the taking of land for parking facilities may be answered simply by an unbroken line of decisions which hold that where the right to condemn exists, and the property is subject to the exercise of the right of eminent domain and is being condemned for a public use, and the right to condemn is not being abused, courts cannot deny the right to condemn on the ground that the exercise of the power is unnecessary or not expedient, as the determination of that question devolves upon the legislative branch of the government, and is a question which the judicial branch of the government cannot determine. [Citations omitted.] * * *

The Supreme Court of the State of Washington had before it the case of State ex rel. Bremerton Bridge Co. v. Superior Court for Kitsap County, 194 Wash. 7, 76 P.2d 990 (1938), wherein the State undertook to take a privately owned toll bridge for a public use. The case was remanded by the Supreme Court because the State had not made a bona fide attempt to settle with the owner as a condition precedent to bringing the eminent domain proceeding as provided by the statute. However, at page 994 the Washington Supreme Court stated the law to be:

The power of eminent domain reposing in the State could have been used for the construction of the bridge, and thereafter the right of the State to appropriate the property to a public use remained dormant in the State, subject to be exercised at the election of the State. Such power may be exercised to condemn the bridge after it is a completed structure. [Citation omitted.]

Backus v. Lebanon, 11 N.H. 19 (1840), is an early case in which a toll road owned by a private corporation of New Hampshire was sought to be taken for a public highway. The New Hampshire Supreme Court at pages 24 and 25 said:

The fact that the public may now have a use of the road constructed by the

turnpike corporation, does not show that the public interest may not require that a public highway be laid over the same ground. The right at present enjoyed, although a public use, is of a limited character, subject to the payment of a toll; and there may be a necessity for an open public highway, which all the citizens may use free from charge. The use which already exists is of the same nature with that which will exist if an open public highway is laid out; but the right to use is not the same. The public are entitled to have not merely a way, but a free passage, such as is enjoyed in other parts of the state, whenever the public exigencies shall require such a right of way; and there is nothing in the nature of the corporation, or of the property it holds, to prevent the existence and exercise of this right. * * *

The argument made by the defendants herein was also made by the owners of a private road which was sought to be condemned in the case of Town of Perry v. Thomas, 82 Utah, 159, 22 P.2d 343 (1933). The case was reversed because the land taken was not properly described in the pleadings. However, the argument was answered by this court at page 165 of the Utah Reports, 22 P.2d page 345 as follows:

* * * [W]e are satisfied that under our statutes the public necessity or expediency for the opening of a street within corporate limits is a question for de-

termination by the governing board of a municipality and that its conclusion in that respect properly expressed by ordinance or resolution is conclusive.

* * * * * *

Under powers thus delegated to municipal boards the necessity, expediency, or propriety of opening a public street or way is a political question, and in the absence of fraud, bad faith, or abuse of discretion the action of such board will not be disturbed by the courts. [Citations omitted.]

■■ Since the legislature has conferred the power upon cities to acquire off-street parking, it is not for the courts to say that the acquisition of land for this purpose is not a public use. The fact that prior to the taking the use made of the land was private and similar to the use which the city will make is of no concern to the court. The *right to the use* after the taking will be different from the *right to the use* before the taking.

■ The other assignment made by defendants relates to the testimony of two local expert witnesses. One had been appraising in the City of Ogden for 34 years, the other for over 14 years. They had jointly appraised the property in question in the summer of 1963 and had fixed a value of $22,000 for the land. Each expert testified that property in the vicinity had not

increased in value during the past 20 years and that the trend of values was downward.

The fact that the experts had not appraised the property on May 24, 1965, the date of service of summons, is no reason to reject their testimony. It is the usual case for an expert witness to make his appraisal after the critical date and then adjust values back to the date in question. There seems to be no good reason why an expert could not adjust his appraisal forward from the time he was actually on the ground. The law is set out in 29A C.J.S. Eminent Domain § 273(1) at pages 1189 and 1190 as follows:

> Ordinarily evidence of market value is restricted to value at the time of the taking of the property. It is generally competent, however, to show the value of the property within a reasonable time before or after the taking as bearing on its value at the time of the appropriation. There is no fixed formula determining when proffered evidence is not pertinent to the question of value by reason of the time element; the question must be decided on consideration of all the circumstances of the particular case, and its determination rests largely in the discretion of the court.

We find no error on the part of the court in admitting the testimony of the two expert witnesses, as the matter was within his discretion.

■ The jury apparently weighed the testimony of the experts because verdicts as follows were given:

To the land owner:

| | |
|---|---|
| For land taken | $31,000 |
| For severance damage to land remaining | 1,500 |
| Total | $32,500 |

To the tenant:

| | |
|---|---|
| For rights taken to possession of land | $1,500 |

No objection is made to the awarding of damages separately to the tenant. However, whatever damage he sustained should have been deducted from the total value of the land taken and the severance damages sustained. The rules regarding the respective interests of lessees and lessors are set out in 29A C.J.S. Eminent Domain § 198.

■ The plaintiff asks this court to dismiss the appeal because it was not timely taken, viz., within 30 days from final judgment. In doing so, it has overlooked Rule 73(a), U.R.C.P., which reads as follows:

> When an appeal is permitted from a district court to the Supreme Court, the time within which an appeal may be

taken shall be one month from the entry of the judgment appealed from unless a shorter time is provided by law, *except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding one month from the expiration of the original time herein prescribed.* * * * [Emphasis added.]

On December 6, 1967, the trial court for cause shown extended the time for taking the appeal to December 8, 1967, and this appeal was taken December 7, 1967.

The judgment of the trial court is affirmed. Costs are awarded to the respondent.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.