507 P.2d 371

**Ada F. NUHN, Plaintiff and Appellant,**

v.

**J. R. BROADBENT, Defendant and Respondent.**

**DEAMER FINANCE & THRIFT CO., Plaintiff and Appellant,**

v.

**J. R. BROADBENT, Defendant and Respondent.**

No. 13038.

Supreme Court of Utah.

March 9, 1973.

Mark A. Madsen, Salt Lake City, for appellants.

Reed L. Martineau and Milton A. Oman, Salt Lake City, for respondent.

TUCKETT, Justice:

Two separate actions were filed in the court below for the recovery of money claimed due on oral contracts. The two cases were consolidated and tried together in the lower court. The court below found in favor of the defendant in each case, and the plaintiffs have appealed.

In 1952, Ada F. Nuhn became the owner pursuant to the terms of her husband's will to a farm in Cache County, Utah. This tract of land is referred to in the record as the "Nuhn Place." After acquiring the property Mrs. Nuhn turned it over to her son-in-law, Earl L. Fredrickson, who thereafter managed and controlled it. Fredrickson entered into a contract of sale with Vernon D. Law for the purchase of a second tract of land in May 1957. In October 1957, Fredrickson also entered into a real estate purchase contract with one Mark J. Udy for the purchase of a third

tract of land. These tracts are referred to in the record as the "Law" and "Udy" places.

Commencing in 1962 Fredrickson began feeding cattle for the defendant Broadbent. The feeding operation was commenced in Utah but in 1963 it was moved to the vicinity of Burley, Idaho. During the summer and fall of 1963, Broadbent delivered some 3,000 head of cattle to Fredrickson in Idaho for feeding. Broadbent advanced $130,000 for the purchase of feed. In January 1964, feed for the cattle was in short supply, and after a meeting between Broadbent and Fredrickson it was agreed that Broadbent would take over the feeding operation and charge the cost thereof to Fredrickson's account. To protect Broadbent in the losses suffered in the cattle-feeding operation, Fredrickson quitclaimed to Broadbent his interest in the Nuhn, Law and Udy properties. The water rights pertaining to the properties were also transferred to Broadbent. Broadbent promised to reconvey the properties if Fredrickson paid the losses before November 15, 1964.

After Mrs. Nuhn turned over the management and control of her property to Fredrickson she signed several mortgages at his request. She received none of the proceeds from the mortgages nor did she receive any income from the farming operations. The Law and Udy properties were mortgaged to Golden Spike Equipment Company, which company thereafter assigned its interest to Deamer Finance & Thrift Co. During the years 1962 and 1963, Deamer Finance & Thrift Co. made further loans to Fredrickson which were secured by second mortgages on the Law, Udy and Nuhn properties. In January 1964, the Lockhart Company, which held the first mortgage on the Nuhn property, commenced foreclosure proceedings, and upon completion of the foreclosure Deamer purchased the interest of Lockhart to protect its second mortgages. As of April 1964, Fredrickson was indebted to Deamer in a sum exceeding $71,000. In 1964, Vernon D. Law filed an action to forfeit and foreclose the real estate contract entered into with Fredrickson. At the completion of these proceedings Law conveyed title to Broadbent. In the year 1965, Broadbent also acquired title to the Udy property. During 1964 the president and accountant of the Deamer Finance & Thrift Co. met with Broadbent and discussed the indebtedness of Fredrickson. During the conversation it appears that Deamer proposed to Broadbent that he pay the indebtedness owed to Deamer in consideration of Deamer's agreement to forbear foreclosing of the indebtedness against the properties. At the conclusion of their meeting Broadbent promised to contact Deamer at a later time. It is upon this purported contract that Deamer Finance & Thrift Co. seeks a recovery in these proceedngs.

The claim of the plaintiff Ada F. Nuhn was based on a purported oral contract entered into by Fredrickson and Broadbent wherein Broadbent promised and agreed to pay Mrs. Nuhn the sum of $45,000 for her interest in the property. At that time the encumbrances against the property equaled or exceeded its market value.

At the conclusion of the trial the court found there was no promise nor agreement by Broadbent to pay any sum to the plaintiff Deamer. The court also found that there was no promise nor agreement by Broadbent to pay to Nuhn any sum of money. The court further found there was no basis upon which to award punitive damages to either of the plaintiffs. The court entered a judgment in favor of the defendant as to the claims of the plaintiffs.

██ These being actions at law we do not apply the rules of review prevailing in equity cases. We do not reverse in these cases unless the evidence is such that all reasonable minds would be persuaded to reach a conclusion other than that arrived at by the trial court. It should be noted in these cases that the plaintiffs had the burden of establishing by a preponderance of the evidence that there was a meeting of the minds of the parties which resulted in a contract from their verbal declarations. The trial court found from conflicting evidence that no verbal contracts as contended for by the plaintiffs had been entered into. We find no basis for reversing that decision.[1]

One other matter requires our consideration and comment. The trial in this matter was commenced in June 1971 and after three days of hearing the trial was resumed on September 14, 1971. It appears that the trial was continued out of necessity created by the court's calendar. The record fails to show that any prejudice resulted to the plaintiffs by reason of the delay, and this is especially true in view of the fact that the court before making its decision had before it the transcript of the testimony and memorandums of the parties as to the law of the case.

The decision of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.

1. Super Tire Market, Inc. v. Rollins, 18 Utah 2d 122, 417 P.2d 132; W. P. Harlin Const. Co. v. Continental Bank & Trust Co., 23 Utah 2d 422, 464 P.2d 585.