**BOUNTIFUL, a Municipal Corporation, Plaintiff and Respondent,**

v.

**Shelley A. SWIFT and Janet Swift, his wife, Defendants and Appellants.**

**No. 13777.**

Supreme Court of Utah.

May 29, 1975.

Quentin L. R. Alston, Salt Lake City, for defendants-appellants.

Layne B. Forbes, Bountiful, for plaintiff-respondent.

CHRISTOFFERSEN, District Judge:

This case was commenced by the plaintiff Bountiful City by the filing of a complaint pursuant to Sec. 78-34-6, U.C.A. 1953, to acquire property for the completion of a collector road designated by name as Davis Boulevard by right of eminent domain. The property sought by these condemnation proceedings includes a portion of the property owned by the defendants Shelley A. Swift and Janet Swift, his wife.

The complaint was initiated pursuant to a resolution adopted by the governing body of Bountiful on June 13, 1974. Concurrently the plaintiff filed a motion for an order of immediate occupancy of the subject property.

Other property owners sought to intervene on the basis of a class action. Their motion to intervene was denied and they did not appeal. Accordingly, this matter is not before this court.

The defendants herein, however, did file their motion to dismiss the complaint. The lower court, after hearing on both the plaintiff's motion for immediate occupancy and defendants' motion to dismiss the plaintiff's complaint, executed the findings of fact, conclusions of law, and order denying the defendants' motion to dismiss the complaint and granted the plaintiff's motion for an order of immediate occupancy.

It is from this ruling the defendants appeal, seeking a reversal of the order granting immediate occupancy and a dismissal of the plaintiff's complaint.

The defendants admit there is no question that taking of property for a public street is for a purpose authorized by law, and the public necessity or expediency for the opening or expanding of a street within the corporate limits is a question for de-

termination by the governing body of the particular municipality.

The defendants challenge the lower court's ruling on three grounds: (1) By proceeding as they did, Bountiful City did not properly proceed pursuant to legislative requirements. Hence the complaint should be dismissed and order of immediate occupancy should be denied. (2) That Bountiful City did not demonstrate a need for immediate occupancy. (3) There was an abuse of discretion on the part of the public officials of Bountiful City in proceeding as they did.

■ Answering points (2) and (3) as raised by the defendants first. The trial judge, among other things, is given the power to hear and decide if the conditions precedent to the taking are met.[1] Further, on a motion for immediate occupancy the trial court is empowered to grant or deny the motion according to the equity of the case.[2] As stated in Ogden City v. Stephens,[3] necessity, expediency or propriety in opening a public street is a political question and in absence of fraud, bad faith, or abuse of discretion action of such boards will not be disturbed by the courts.

■ Considerable evidence was presented by both sides at the hearing as to the need for immediate occupancy and whether or not this was an abuse of discretion by the public officials of Bountiful City. The evidence was conflicting in nature, but the trial judge found on believable testimony, as he is empowered to do,[4] in favor of the plaintiff on both of the issues as previously stated by this court. When a trial judge in resolving conflicting questions of fact, his findings are supported by substantial evidence this court will not interfere with that decision.[5]

As to the first ground of the defendants' challenge to the trial court's decision, i. e., Bountiful City did not proceed according to legislative requirements. The street systems of Bountiful as revised in 1972 include Davis Boulevard, a collector road 2.-63 miles in length, 1.7 miles having been completed and the remaining .93 miles remaining and yet to be completed. It is property for the remaining .93 miles that is now sought to be condemned. It was further approved by the State Highway Department.

The defendants in their challenge that Bountiful City did not proceed according to legislative requirements rely on Sec. 10–8–8, U.C.A.1953, which provides as follows:

> They may lay out, establish, open, alter, widen, narrow, extend, grade, pave or otherwise improve streets, alleys, avenues, boulevards, sidewalks, parks, airports, . . . public grounds, . . . *and* may vacate the same or parts thereof, by ordinance. [Emphasis added.]

It is the theory of the defendants that every power given to cities as outlined in 10–8–8 supra must be accomplished by the enactment of an ordinance.

■■ First of all, Bountiful City is not seeking to lay out a street or do any of the above things enumerated in 10–8–8 supra. This has already been accomplished. The plaintiff now is seeking to condemn land in order to bring the laying out of Davis Boulevard into reality. In doing so they are exercising their right of eminent domain pursuant to Chapter 34 of the Utah Code. It is not challenged by the defendants nor is it shown that they have not complied with the provisions of that chapter. Even if it be construed that condemning of property is a part of laying out a street as stated in 10–8–8 supra, a logical interpretation of this statute does not indicate that a city must enact an ordinance for every power given by 10–8–8. Otherwise, every time a city desired to pave,

---

1. Sec. 78–34–8, U.C.A.1953, as amended.

2. Sec. 78–34–9, U.C.A.1953.

3. 21 Utah 2d 336, 445 P.2d 703.

4. Notes 1 and 2 supra.

5. Nuhn v. Broadbent, 29 Utah 2d 198, 507 P.2d 371; Olsen v. Park Daughters, 29 Utah 2d 421, 511 P.2d 145.

grade, or otherwise improve a street, alley, avenue, boulevard, sidewalk, airport, or public grounds,[6] under the defendants' theory interpreting Sec. 10–8–8 supra, the city would have to enact an ordinance to do so.

█ Further after enumerating the powers of the city the statute goes on to say [7]

. . . *and* may vacate the same or parts thereof, by ordinance. [Emphasis added.]

"And" means "in addition to," implying that in addition to the enumerated powers supra, the city [8] "may vacate . . . by ordinance."

This court in Tooele City v. Elkington [9] held that the requirement of an ordinance applied to vacating and traced the history of the amendments of the statute 10–8–8 supra to so show.

Also in Town of Perry v. Thomas [10] the court stated:

We are satisfied that under our statutes the public necessity or expediency for the opening of a street within corporate limits is a question for determination by the governing board of a municipality and that its conclusion in that respect properly expressed by ordinance *or resolution* is conclusive.

We, therefore, find Bountiful City has conformed to legislative requirements.

The rulings of the trial court on the motion to dismiss and the motion for immediate occupancy are affirmed.

HENRIOD, C. J., and ELLETT and CROCKETT, JJ., concur.

TUCKETT, J., dissents.

MAUGHAN, J., having disqualified himself does not participate herein.

6. Sec. 10–8–8, U.C.A.1953.
7. Sec. 10–8–8, U.C.A.1953.
8. Sec. 10–8–8, U.C.A.1953.

9. 100 Utah 485, 116 P.2d 406.
10. 82 Utah 195, 22 P.2d 343.