## TOWN OF PERRY v. THOMAS et al.

No. 4960. Decided May 23, 1933. (22 P. [2d] 343)

*Lewis Jones* and *B. C. Call,* both of Brigham, and *Valentine Gideon,* of Ogden, for appellants.

*Thatcher & Young,* of Ogden, for respondent.

FOLLAND, Justice.

The town of Perry, a municipal corporation of Utah, commenced this action to condemn a strip of land already in use as a private lane, known as Roberts lane, of approximately 16 feet in width, to widen it to 20 feet, and open the widened strip of land as a public street. The lane in question is all within the corporate limits of the town of Perry, and courses in a general westerly direction from the State Highway for about 3,600 feet to the tracks of the Utah & Idaho Central Railroad.

The complaint alleges the passage of a resolution by the town board of the town of Perry authorizing the opening and widening of the lane, as a public street and directing the condemnation proceedings; that the highway proposed to be opened is necessary for a public right of way and is the only means of ingress and egress of certain inhabitants of the town to and from their farms lying contiguous thereto. The street to be opened is described by metes and bounds and a map attached to the complaint shows the location and description of the street. The defendants are alleged to be owners of an easement in the Roberts lane and to be owners of the lands adjoining. There is no description of each piece or parcel of land sought to be taken, although it is alleged the "parcel of land sought to be taken is only a part of the lands owned by the various defendants." Plaintiff further alleges:

"That plaintiff is not fully advised concerning the ownership of the fee over which said lane extends, but plaintiff is advised and upon

such information alleges the fact to be that the major portion thereof extends over, and is located upon the lands of the defendants Jennie Roberts, Wallace Wilde, M. W. Peters and William H. Davis. That the balance of said defendants have, or claim to have, an easement in said highway or lane entitling them to the right of travel thereon in gaining access to and egress from their farm lands situate adjacent thereto."

The only defendants to appear and defend were Jacob Thomas, David Thomas, and Robert Thomas, the owners of lands lying to the north of the lane. These defendants filed a general demurrer and motion to strike parts of the complaint, which were overruled. They answered denying the necessity to the public for the street opening, alleging ownership of the land in the lane, subject only to a private easement, that the property sought to be taken was part of a larger tract of land, the property of these defendants, and that they would suffer damage by reason of the severance in the sum of $750, and that the land to be taken was of a value in excess of $300 per acre.

Twenty-five alleged resident taxpayers of the town tendered a complaint in intervention in which they denied the allegations of the complaint that the lands described are necessary for a public right of way for use of the public and denied that "the land owners lying west of the lands sought to be condemned have no other or different means of reaching the public highway." The trial court refused permission to file the complaint in intervention. The interveners join in this appeal and assign error in not permitting the complaint in intervention to be filed.

From the judgment of condemnation and for damages in favor of Jacob Thomas and David Thomas, the defendants Jacob, David, and Robert Thomas appeal and assign numerous errors. The assignments relied on and argued are these: That no public necessity was shown entitling plaintiff to enter the order of temporary possession or the judgment of condemnation; that the court erred in refusing to strike portions of plaintiff's complaint, overruling the de-

murrer of defendants, and refusing to grant a new trial for the reason that there was no description in the complaint of the land within or without the lane owned by either of the answering defendants, sought to be taken, as required by Comp. Laws Utah 1917, § 7336, subdivision 5; that the court erred in refusing to permit filing of the complaint in intervention; in excluding from evidence an easement contract between Jacob, Robert, and David Thomas and J. P. Roberts with respect to the Roberts Lane; and failure of the court to include in its judgment the obligation on plaintiff to build and maintain fences along the right of way pursuant to stipulation to that effect entered into at the trial.

The undisputed evidence discloses that Roberts lane has been used as a private way for upwards of thirty years, with gates at either end which were to be kept closed by the users of the lane, but that disputes arose between certain of the farmers using the lane with the Thomas brothers because of failure to close the gates after using. The matter was brought before the town board, with the result that the board duly passed its resolution in proper form for the opening and widening of the lane as a "public highway," and in such resolution declared it to be "necessary to open up said highway for public use and convenience of the citizens of the town of Perry and the public generally" and directing that condemnation proceedings be forthwith instituted to secure immediate possession and to acquire title according to law to the tract of land therein described. It was made to appear that the street would serve and be used chiefly by the owners of the four farms at the west end of the street, and that it did not connect with any road or highway at its westerly end. The three answering defendants are brothers who own in severalty three adjoining tracts of farm land which they operate or farm jointly, and have a joint interest in a dyke or ditch on the street as opened which they claimed would be damaged by cattle and other animals on the opened street. The parcel of land owned by Jacob Thomas was immediately north of the lane and he is the

fee owner of about 8½ feet of the lane. A strip of approximately 4 feet north of the lane for a part of its distance would be taken from the Jacob Thomas tract to enlarge the lane to a 20-foot street. There was a jog in the lane about two-thirds of its distance to the west where it touched the tract of land owned by David Thomas, and approximately 4 feet was to be taken from this land for a short distance in order to enlarge the way to a 20-foot street. No separate descriptions were given either in pleadings or in the evidence of the 4-foot strips taken from these two tracts of land. The civil engineer, called as a witness for plaintiff, computed the total amount of land owned by these two defendants already in the lane as .624 of an acre, according to one computation and .84 of an acre by another computation. There was apparently an excess of land somewhere which made it difficult to ascertain the exact line of ownership as it extended into the lane. This was illustrated by drawings and figures on a blackboard which are not preserved in the record, and without it we cannot well understand the testimony. The 4-foot strips needed to be taken to widen the road were computed to be .21 of an acre of land.

The first assignments of error challenged the action of the court in making an order for temporary occupation and the order of condemnation of the land for a public street on the ground of want of facts. What is contended is that "the town of Perry wholly failed to establish any facts which would justify a court in holding that any public necessity existed authorizing the taking of these appellants' lands for a public highway." Appellants base their contention on the facts shown that only three or four farmers will be benefited by the opening of the street, and that these already have a right to use the lane on condition of keeping the gates closed. Respondent contends that the question of necessity for opening the street as a public highway was settled when the town board by resolution so declared. That discretion to open public streets within corporate limits is vested by law in the board.

While there is a great deal of confusion in the cases respecting the matter, we are satisfied that under our statutes the public necessity or expediency for the opening of a street within corporate limits is a question for determination by the governing board of a municipality and that its conclusion in that respect properly expressed by ordinance or resolution is conclusive.

By Comp. Laws Utah 1917, § 786x12, as amended by Laws of Utah 1921, ch. 18, p. 67, town boards have power "to lay out" and "open" "streets, lanes," and "alleys." Comp. Laws Utah 1917, § 7330, provides that "the right of eminent domain may be exercised in behalf of the following public uses: * * * 3. * * * For roads, streets, and alleys, and all other public uses for the benefit of any county, incorporated city or town, or the inhabitants thereof; * * * 7. By-roads leading from highways to residences and farms."

Under powers thus delegated to municipal boards the necessity, expediency, or propriety of opening a public street or way is a political question, and in the absence of fraud, bad faith, or abuse of discretion the action of such board will not be disturbed by the courts. 10 R. C. L. 183, 184; 4 McQuillin on Municipal Corporations (2d Ed.) 367; 20 C. J. 559, 627, 972; *Postal Tel. Cable Co.* v. *Oregon S. L. R. Co.*, 23 Utah 474, 65 P. 735, 90 Am. St. Rep. 705; *City of Grafton* v. *St. Paul, M. & M. R. Co.*, 16 N. D. 313, 113 N. W. 598, 22 L. R. A. (N. S.) 1, and notes; *City of Los Angeles* v. *Waldron*, 65 Cal. 283, 3 P. 890; *City of Seattle* v. *Byers*, 54 Wash. 518, 103 P. 791; *Grangeville Highway Dist.* v. *Ailshie*, 49 Idaho 603, 290 P. 717.

Comp. Laws Utah 1917, § 7333, provides, "Before property can be taken it must appear; 1. That the use to which it is to be applied is a use authorized by law; 2. That the taking is necessary to such use." And in section 7338, "The court or judge thereof shall have power: 1. To determine the conditions specified in § 7333." Whether the property is being taken for a use authorized by law, that is, a public use, is by statute in this state, and

by the general rule of law, a judicial question and may be inquired into by the courts. 4 McQuillin on Municipal Corporations (2d Ed.) 366; 10 R. C. L. 29.

The phrase "public use," as used in the eminent domain statute, has been given a liberal interpretation by this court. *Nash* v. *Clark,* 27 Utah 158, 75 P. 371, 1 L. R. A. (N. S.) 208, 101 Am. St. Rep. 953, 1 Ann. Cas. 300, affirmed by the United States Supreme Court in *Clark* v. *Nash,* 198 U. S. 361, 25 S. Ct. 676, 49 L. Ed. 1085, 4 Ann. Cas. 1171; *Highland Boy Gold Min. Co.* v. *Strickley,* 28 Utah 215, 78 P. 296, 1 L. R. A. (N. S.) 976, 107 Am. St. Rep. 711, 3 Ann. Cas. 1110, affirmed by the United States Supreme Court in *Strickley* v. *Highland Boy Gold Min. Co.,* 200 U. S. 527, 26 S. Ct. 301, 50 L. Ed. 581, 4 Ann. Cas. 1174. It is well settled that the taking of land for public streets, highways, and roads is a public use. 22 C. J. 559; 4 McQuillin on Municipal Corporations (2d Ed.) 400; *State* v. *Superior Court,* 42 Wash. 521, 85 P. 256.

The evidence is sufficient to support a finding that the land sought to be taken is necessary to the use of a public street, if one is opened. No point is made that the town is seeking to take more land than is needed for the purpose. It is urged, however, that the use is not public because only three or four farms will be served by its opening. The purpose as disclosed by the resolution is that the land is to be taken and opened to the public for public use. The use is not to be restricted to a few persons but all persons may, if and when they choose, use the street when opened. Whether land will be devoted to a public use is determined by the character of its use rather than the extent of its use. That is, if the way is opened for use by all it is a public use whether advantage be taken of the street by few or many persons. 20 C. J. 558; 4 McQuillin on Municipal Corporations (2d Ed.) 401; 10 R. C. L. 31; *Fanning* v. *Gilliland,* 37 Or. 369, 61 P. 636, 62 P. 209, 82 Am. St. Rep. 758. See note, 22 L. R. A. (N. S.) 48.

It follows therefore that appellants must fail on the questions of necessity and public use.

It is next contended that the land sought to be taken from the answering defendants was not described in the complaint as required by the provisions of Comp. Laws Utah 1917, § 7336: "5. A description of each piece of land sought to be taken, and whether the same includes the whole or only part of an entire parcel or tract." It has been held that the procedure or steps required by statute to be taken in exercising the right of eminent domain becomes a matter of substance and must be strictly followed by the condemner as against the owner of property sought to be condemned. *Town of Tremonton* v. *Johnston*, 49 Utah 307, 164 P. 190. In addition to the land burdened with an easement, the town undertook to condemn an additional 4 feet from adjoining lands owned by Jacob and David Thomas. This is indicated by the map attached to the complaint and shown by the evidence. Neither in the complaint nor by the evidence are these small 4-foot tracts or the larger 8½-foot strips in the lane described or segregated so that the jury could know the precise amount of land taken from each of the owners. The judgment of the court contains a general description of the entire street as opened, but contains no description of the parcels of lands taken from either of these owners, nor is the amount of damages awarded by the jury for land taken segregated as between the owners. In the complaint it is alleged there was uncertainty as to ownership of the fee of the land in the lane. As to this the court had jurisdiction to determine the title as between claimants, and this should have been done before damages are assessed. When the facts are shown in the evidence, the pleadings could be amended to conform thereto. *Ketchum Coal Co.* v. *District Court*, 48 Utah 342, 159 P. 737, 4 A. L. R. 619. The statute required, and the authorities sustain the view, that the parcels of land in separate ownership should be described in the complaint or by amendment thereto before the court can submit the question of damages to the jury. 20 C. J.

953. Each of the owners is entitled to have the land taken from his tract separately assessed. 20 C. J. 998.

Had the land sought to be taken been in one ownership, the description might be regarded as sufficient since the street is definitely located by proper description. Respondent contends the description is sufficient because the complaint alleges the existence of a private lane and that all the defendants including the Thomas brothers have an easement over the entire roadway. If the lane in which the defendants had an easement only was taken, the description would have been sufficient. *City of Pontiac* v. *Lull,* 111 Mich. 509, 69 N. W. 1110, 20 C. J. 956; *Postal Tel. Cable Co.* v. *Oregon S. L. R. Co.,* supra. However, in addition to the land in the lane additional small tracts are sought to be taken which were not previously used as a roadway or burdened with an easement. The amount of land taken from each tract in separate ownership is not fixed by description or by area either in the pleadings or by evidence. The matter of the area of land taken and the value thereof as between these two brothers may be of little consequence in a pecuniary sense, but there may be cases where larger or more valuable tracts are involved, and the description and area of the tracts taken be of vital importance to the owners. Comp. Laws Utah 1917, § 7336, permits the plaintiff in a condemnation proceeding to include in the same or separate proceedings, at plaintiff's option, all parcels of land lying in the same county and required for the same public use, but vests discretion in the court to separate or consolidate such actions to meet convenience of the parties. In either event, each owner is entitled to have separately assessed the value of the land in separate ownership and each estate or interest therein and also damages to the remainder of the tract when a party only is taken. This is required by the statute, Comp. Laws Utah 1917, § 7340, as follows:

"The court, jury, commissioners, or referee * * * must ascertain and assess: 1. The value of the property sought to be condemned;

\* \* \* if it consist of different parcels, the value of each parcel and of each estate or interest therein shall be separately assessed."

For reasons stated the cause must be remanded for a new trial.

The issues were not clearly defined by pleadings, and as a result the judgment is one of confusion. The jury, by its verdict, found the issues in favor of defendants, for value of property taken the sum of $42, for damages to the levy or ditches the sum of $50, or a total of $92. The judgment entered by the court gave the defendants Jacob Thomas and David Thomas for lands taken the sum of $42, and to Jacob Thomas and David Thomas for damages to their irrigation ditch through the taking of said land the sum of $50. The defendants were the three Thomas brothers. The evidence discloses that Jacob Thomas owned the larger portion of the land taken, but does not show the area or give the description thereof and that a smaller strip was taken from David Thomas, but does not give the description or the area of the land taken. It further shows that all three defendants owned or claimed an interest in and used the irrigation ditch for which damages were awarded by the jury.

In the course of the trial a stipulation was entered into between the parties that the plaintiff would erect and maintain fences adjoining the street to be opened. No provision was made in the judgment with respect to this obligation of plaintiff. In the final judgment of condemnation provision should be made, pursuant to the stipulation to that effect, that such fences be constructed and maintained by the town of Perry.

The taxpayers of the town who sought to file a complaint in intervention claim the right so to do by virtue of the provisions of Comp. Laws Utah 1917, § 7337, which is as follows:

"All persons in occupation of or having or claiming an interest in, any of the property described in the complaint, or in the damages for the taking thereof, though not named, may appear, plead, and defend,

each in respect to his own property or interest, or that claimed by him, in like manner as if named in the complaint."

It is apparent that this section does not permit persons interested only as taxpayers to intervene, since its provisions are limited to persons in occupation or having or claiming an interest in the property described in the complaint or in the damages for the taking of such property. Appellants cite and rely on the case of *Stratford* v. *Greensboro*, 124 N. C. 127, 32 S. E. 394; but this case merely holds that a taxpayer suit in equity will lie to test the legality of a contemplated condemnation of property for street purposes. No cases have been cited and we have found none which permit intervention of taxpayers in a condemnation proceeding. We find no merit in this assignment.

The remaining assignment is that the court erred in excluding the agreement between the Thomas brothers and one Roberts for the use of the lane in question. ■ This was relevant and material as tending to establish an easement in the lane and should have been admitted.

The judgment is set aside, and the cause remanded for a new trial. Costs on appeal to appellants.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.